UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DANNY LAMAR BATTLE** | **CIVIL ACTION NO. 13-749-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **SHELIA WRIGHT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Danny Lamar Battle ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 9, 2013. Plaintiff is incarcerated in the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials. He names Shelia Wright, David Nelson, T. Choyce, Kelli Hayes, and the Caddo Parish Sheriff's Department as defendants.

Plaintiff claims he is the victim of medical malpractice. He claims Shelia Wright and Dr. David Nelson informed him that he had a positive reaction to a TB skin test. He claims they failed to consider that the positive reaction could have been caused by the type of test given to him. He claims they refused to retest him.

Plaintiff claims that on January 25, 2012, he began taking INH and vitamin B6 to treat TB. He claims the medication made him sick. He claims he vomited everyday for two weeks. He claims his eyes turned yellow.

Plaintiff claims Dr. Nelson and Shelia Wright refused to transport him to LSU Medical Center. He claims they prescribed Benadryl, omeprazole, and other medications for him. Plaintiff claims he had to pay for the medications and the sick call.

Plaintiff claims that on October 10, 2012, he was returned to his housing unit. He claims he vomited and was transported to the medical department. He claims he was seen by nurse T. Choyce. He claims that after T. Choyce examined him, she made arrangements to transport him to the hospital.

Plaintiff claims he was admitted to LSU Medical Center. He claims the doctors tested his blood and informed him that he had liver damage. He claims the doctors then performed a biopsy and determined that the INH caused him to have drug induced hepatitis. He claims he was given plasma and fluids. Plaintiff claims he was then released to the Caddo Correctional Center.

Plaintiff claims he then noticed that he had a rash. He claims Shelia Wright and Dr. Nelson told him the rash was a sign that his liver was improving. He claims they informed him that there was nothing they could do about the rash. Plaintiff argues he should have been seen by a dermatologist. He claims he filed numerous kites, grievances, and sick calls regarding the rash. He claims Kelli Hayes responded to his grievances that he had been prescribed ointment and given a referral to the dermatology clinic at LSU Medical Center.

Accordingly, Plaintiff seeks proper medical treatment, monetary damages, and criminal charges against Defendant Wright.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff alleges he is the victim of medical malpractice. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with deliberate indifference. Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Plaintiff complains that he was charged for his medical visits and prescriptions. Plaintiff does not have a constitutional right to free medical care. Hutchinson v. Belt, 957 F.Supp. 97 (W.D. Louisiana 1996) (citations omitted). Furthermore, Plaintiff does not allege that he was denied medical treatment because he could not pay the fee.

Accordingly, Plaintiff's civil rights complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter,

766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of June, 2014.

Mark L. Hornsby
U.S. Magistrate Judge